**Frank King CRABTREE, Appellant,**

v.

**Earnest Jean CRABTREE, Appellee.**

No. 2384.

Court of Appeals of Texas, Corpus Christi.

Dec. 23, 1981.

Gene E. Putnam, Moore & Putnam, Houston, for appellant.

Martin J. Grimm, Bellaire, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a bill of review proceeding filed by the appellee Earnest Jean Crabtree in connection with her divorce suit against the appellant Frank King Crabtree. The original divorce decree granted the parties a divorce and ordered their community property be divided in accordance with the parties' agreement. On May 17, 1979, appellee filed this present bill of review suit in the 312th District Court of Harris County, Texas, seeking to set aside the provisions of the divorce decree relating to the division of the community property. She alleged as her grounds therefor that appellant forced her to execute the property settlement agreement when she was in a distraught mental condition.

A trial to the court on the bill of review resulted in an order setting aside the divorce decree provisions relating to everything except the granting of the divorce. The court then ordered that said judgment be "VACATED and SET ASIDE, and the aforesaid parties are hereby granted a new trial of said Cause No. 1,017,117, and said Cause No. 1,017,117 is hereby reinstated on this Court's Docket." Appellant perfected an appeal from this order contending that the bill of review was improperly granted. To begin with we find it unnecessary to consider any of appellant's grounds of error because the appeal is interlocutory in nature and therefore, we have no jurisdiction to consider it.

It is well settled that only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law. Rule 301, T.R.C.P. The final judgment in a bill of review action should either deny any relief to the plaintiff or set aside the former decree in its entirety *and* substitute therefor a new judgment properly adjudicating the entire controversy. *Smith v. Smith*, 468 S.W.2d 139 (Tex.Civ.App.—Dallas, 1971, no writ); 4 McDonald, Texas Civil Practice, § 18.30 (1971); Meyer, The Equitable Bill of Review in Texas, 41 Tx.Bar J. 699 (1978).

In the present case the court set aside the former decree but it *did not* substitute a new judgment therefor. Of course, it is permissible in the interest of justice to sever a portion of the judgment in a bill of review, i.e., the divorce from the property settlement. 4 McDonald, Texas Civil Practice, § 18.30–G (1971). However, the record before this Court does not reflect that there has been a severance or a new trial on the property division. Accordingly, there has never been a final determination of the case on its merits as required. The

order from which appellant is appealing is therefore interlocutory and not appealable. *Warren v. Walter,* 409 S.W.2d 887 (Tex.Civ. App.—Tyler 1966, writ ref'd n. r. e.); Per Curiam, 414 S.W.2d 423 (Tex.1967); *Parker v. Gant,* 568 S.W.2d 163 (Tex.Civ.App.— Dallas 1978, writ ref'd n. r. e.).

In light of the fact that this case has been set for a new trial, we deem it appropriate to set forth the requirements for a bill of review. In order to be successful on a bill of review the complainant must *allege* and *prove* : (1) a meritorious defense to the cause of action alleged to support the judgment; (2) that he was prevented from making it by fraud, accident or wrongful act of the opposite party; and (3) without any fault or negligence of his own. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). In the present case the record consists of the statement of facts from the proceeding which granted the bill of review. It appears from this record that Mrs. Crabtree has not satisfactorily met the above requirements which would have entitled her to the equitable relief requested. However, since we do not have the entire proceedings before us, we will reserve such decision until a final judgment has been entered.

The appeal is dismissed.