Mannouch **SHAHBAZ, Individually,** **d/b/a Tabriz Imports, a/k/a** **Tabrizi Imports, Appellant,**

v.

**FEIZY IMPORT & EXPORT COMPANY, Appellee.**

No. 01–91–00260–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1992.

William R. Henderson, Houston, for appellant.

Angelo Parrish, Houston, for appellee.

Before TREVATHAN, MIRABAL and PRICE,* JJ.

## OPINION

TREVATHAN, Justice.

This is an appeal from a bill of review proceeding. The trial court granted a bill of review and set aside a previous order in another cause which dismissed appellee's suit for want of prosecution. Appellant complains on appeal that the trial court erred in the granting of the bill of review and the reinstatement of the prior cause.

On July 23, 1987, appellee filed its suit against appellant to recover damages of

* Honorable Frank C Price, former justice, Court of Appeals, First District of Texas, at Houston,

$47,015.50 based on a sworn account for merchandise delivered, and $6,154.40 for checks returned to appellee because of insufficient funds. In September 1988, the trial court sent a notice of its intent to dismiss appellee's cause of action to an incorrect address. On October 21, 1988, the trial court dismissed appellee's cause of action for want of prosecution. The notice of the dismissal order was sent to the same incorrect address. Appellee did not receive notice that its cause of action had been dismissed until May 1989. Since the time for direct appeal had expired, on July 21, 1990, appellee filed a bill of review in the trial court seeking to have its cause of action reinstated. The trial court conducted a hearing and granted appellee's bill of review. In two points of error, appellant argues the trial court erred in granting appellee's bill of review and reinstating its cause of action because the findings of fact and conclusions of law are insufficient to support the trial court's granting of the bill of review, and there is insufficient evidence to support the existence of a meritorious cause of action.

■ An appeal may be prosecuted only from a final judgment which disposes of all issues and parties in the case. *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). The final judgment in a bill of review action should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy. *Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.).

■ In this case, the bill of review set aside the prior judgment of dismissal but did not address the merits of appellee's cause of action. A bill of review that sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature, not a final judg-

sitting by assignment.

ment, and therefore, not appealable. *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex.1990), *Warren v. Walter*, 414 S.W.2d 423, 423–24 (Tex.1967).

The judgment being interlocutory, this Court is without jurisdiction to review it. *Tesoro*, 796 S.W.2d at 705.

The appeal is dismissed for want of jurisdiction.