Opinion issued June 20, 2002.







 









In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00204-CV






NORMAN STETTNER, Appellant


V.


APOLLO PAINT & BODY SHOP, INC., Appellee






On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 728,953






O P I N I O N

 

 Appellant, Norman Stettner, is attempting to appeal the trial court's January 28,
2002 interlocutory order granting a bill of review in favor of appellee, Apollo Paint
and Body Shop ("Apollo"). (1) Because, as discussed below, the trial court's order
granting the bill of review is not a final, appealable order, we dismiss this appeal for
want of jurisdiction. 

 Stettner sued Apollo, and, after Apollo failed to appear or answer, a default
judgment was entered in favor of Stettner on June 25, 1999. On October 13, 2000,
Apollo filed its original petition for a bill of review alleging improper service of
process and requesting a new trial. After determining that Apollo established a
meritorious defense and did not have an opportunity to present its defense, the trial
court, on January 28, 2002, granted appellee's bill of review, entered an interlocutory
order setting aside the default judgment, and ordered a new trial. On January 30,
2002, Stettner filed a notice of appeal. The record before this Court reflects that the
trial is set for the week beginning July 29, 2002. 

 Only one final judgment may be rendered in a bill of review proceeding. 
Kessler v. Kessler, 693 S.W.2d 522, 525 (Tex. App.--Corpus Christi 1985, writ ref.
n.r.e.). However, it is a well-established rule in Texas that if a judgment rendered in
a bill of review proceedings does not dispose of the entire controversy, it is
interlocutory in nature and not a final judgment from which an appeal will lie. Tesoro
Petroleum v. Smith, 796 S.W.2d 705, 705 (Tex. 1990); Shahbaz v. Feizy Import &
Export, Co., 827 S.W.2d 63, 64 (Tex. App.--Houston [1st Dist.] 1992, no writ). 
Because the trial court's order does not purport to dispose of all claims between the
parties, we dismiss this appeal for lack of jurisdiction. Such dismissal is without
deciding the propriety of the trial court's ruling with respect to appellee's bill of
review and is without prejudice to the right to proceed to a final disposition of the
entire controversy. 

 The appeal is dismissed for want of jurisdiction. 

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.

 

 




 
1. 
 § 
 ' 
 '