In the Interest of J.B.A., An Emancipated Child.

No. 2–03–009–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 15, 2004.

Greg Abbott, Atty. Gen., Barry R. McBee, First Asst. Atty. Gen., Cynthia Bryant, Deputy Atty. Gen., Rhonda A. Pressley, Asst. Atty. Gen., Austin, for Appellant.

Wendy L. Hackler, Richard Lee Griffin, Fort Worth, for Appellees.

Panel B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

**OPINION**

DIXON W. HOLMAN, Justice.

Appellant, the Attorney General of Texas ("AG"), appeals from a judgment on a bill of review in favor of Appellees, Justin Brady Alexander Maples ("Justin") and Steven Maples ("Maples"). Because we find that the trial court's order was not a final, appealable order, we dismiss the appeal for want of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Justin was born during the marriage of Maples and Rozella Alexander: In 1983,

Alexander filed for divorce, alleging that Maples was Justin's father and requesting child support. Maples did not deny paternity of Justin, and the trial court, finding Maples and Alexander to be the biological parents of Justin, ordered Maples to pay child support for Justin.

The court ordered all support payments remitted to the AG for distribution pursuant to chapter 76 of the Texas Human Resources Code. TEX. HUM. RES.CODE ANN. ch. 76. As assignee of all support rights, the AG served notice of a $19,533 delinquency on Maples in 1994. Maples raised no contest to the notice, and a writ of withholding was filed with a request for its issuance. Four years later, after Justin reached the age of eighteen, the AG filed a motion to reduce unpaid child support to judgment. A $39,709 arrearage judgment was entered against Maples after a trial in which he was represented by counsel.

On October 15, 2001, after Justin's 21st birthday, Maples filed a bill of review challenging the 1984 divorce decree and the related orders in the suit affecting the parent-child relationship (SAPCR). Maples alleged that DNA test results excluded him from paternity. The petition requested an order terminating his legal relationship with Justin and his obligation to satisfy the support arrearage. The AG excepted to Maples' pleading, maintaining that Maples was required and failed to allege factually and with particularity that through no negligence of his own, he was prevented from asserting a meritorious defense to the original cause of action as a result of fraud, accident, wrongful act, or official mistake. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979). The trial court sustained the special exceptions.

In April 2002, Justin filed an amended petition for bill of review joined by Maples as a co-petitioner. Mimicking Maples' original petition, Justin asked the court to:

- set aside the 1984 divorce decree as to the finding that Maples is Justin's father;
- terminate Maples' obligation to pay any child support arrearages;
- grant a new trial;
- enter temporary orders placing a hold on any money received by Alexander; and
- on final trial, order that Justin recover his costs of suit; that Maples' child support obligation is paid in full; and that Maples is not Justin's biological father.

After a bench trial, the trial court severed the SAPCR and related issues out of the divorce and set them aside. The trial court additionally set aside the finding that Maples is the biological father of Justin and all orders rendered as a result of that finding—including child custody, visitation, and support.

## DISCUSSION

The final judgment in a bill of review should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy. *Tex. Employers' Ins. Ass'n v. Arnold*, 126 Tex. 466, 88 S.W.2d 473, 474 (1935); *Shahbaz v. Feizy Import & Export Co.*, 827 S.W.2d 63, 64 (Tex.App.-Houston [1st Dist.] 1992, no writ); *Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex.App.-Corpus Christi 1981, no writ). A bill of review that sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final, appealable order. *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex.1990); *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 591 (Tex.App.-Fort Worth 2003, no pet.).

We previously notified the parties that we were concerned that this court did not have jurisdiction because the trial court had not entered a final judgment, and we gave the parties an opportunity to respond to this concern. *See* Tex.R.App. P. 42.3(a). Although the trial court set aside the prior judgment finding that Maples is the biological father of Justin and all orders rendered as a result of that finding, it did not address the merits of Appellees' claims. Appellees asked the court to grant a new trial and then find that Maples is not the biological father of Justin. However, the court vacated the prior judgment without substituting a new judgment addressing the issue of whether Maples is Justin's biological father.[1] Thus, the judgment granting the bill of review in this case does not dispose of all the issues in the case. Accordingly, the judgment is interlocutory and not appealable. *Tesoro*, 796 S.W.2d at 705. We therefore dismiss the appeal for want of jurisdiction.

---

1. The only evidence in the record regarding this issue is the oral statement of Maples' attorney that Maples and Justin underwent motherless paternity testing and the results indicated that Maples is not Justin's biological father.