170 S.W.3d 642 (2005)
In the Interest of S.D.E., a minor child.
No. 08-04-00092-CV.
Court of Appeals of Texas, El Paso.
May 26, 2005.
*643 John Whitaker, El Paso, for appellant S.D.E.
Enrique Ramirez, El Paso, Dan Driscoll, Asst. Atty. Gen., San Antonio, for appellee Carlos Estrada.
Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
PER CURIAM.
Luz Chavira has appealed the trial court's order which set aside a previous judgment establishing a parent-child relationship between her daughter and Carlos Estrada. Because the order is interlocutory, we dismiss the appeal for want of jurisdiction.

FACTUAL AND PROCEDURAL SUMMARY
S.D.E. was born April 7, 1989. In June 1990, the Attorney General filed a petition to establish the parent-child relationship alleging Carlos Estrada to be the biological father. Estrada filed a statement acknowledging paternity. On September 12, 1990, the trial court entered an order establishing paternity and ordering child support. In the intervening years, various suits for enforcement have been litigated.
On August 29, 2002, Estrada filed a motion to set aside the order establishing the parent-child relationship. All parties and the court have treated this proceeding as a bill of review. Estrada alleged that in November 2001, he learned he is not the child's father. He and S.D.E. voluntarily submitted themselves for genetic testing on August 7, 2002. The results, which excluded him as the biological father, were attached to his motion. When the associate judge denied relief, Estrada appealed to the referring court, complaining that the test results had been disregarded. Hearings were conducted on June 9, 2003 and October 24, 2003 before the Honorable Mike Herrera. The court reporter's record from those proceedings are before us. From that point forward, the procedural posture becomes a bit muddy. There is a reference in the record to a hearing held on February 13, 2004, but we have no transcription of it. We have two different orders dated February 27, 2004, both of which grant Estrada's bill of review and refer the matter to the Title IV-D court master. On March 12, 2004, Estrada refiled his request that the order adjudicating paternity be vacated and set aside because it was procured by fraud. We also have an order dated March 12, 2004 granting the motion as follows:
IT IS THEREFORE ORDERED that the judgment of September 1, 1990 shall be vacated and set-aside and that the cause stand for trial on the merits.
Chavira's notice of appeal refers to the March 12 order.

BILL OF REVIEW
The final judgment in a bill of review should either deny relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy. In the Interest of J.B.A., 127 S.W.3d 850, 851 (Tex.App.-Fort Worth 2004, no pet.), citing Tex. Employers' Ins. Ass'n v. Arnold, 126 Tex. 466, 88 S.W.2d 473, 474 (1935); Shahbaz v. Feizy Import & Export Co., 827 S.W.2d 63, 64 (Tex.App.-Houston [1st Dist.] 1992, no writ); Crabtree v. Crabtree, 627 S.W.2d 486, 487 (Tex. App.-Corpus Christi 1981, no writ). A bill of review that sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final, appealable order. Shahbaz, 827 S.W.2d at 64, citing Tesoro Petroleum v. Smith, 796 S.W.2d 705, 705 *644 (Tex.1990); Hartford Underwriters Ins. v. Mills, 110 S.W.3d 588, 591 (Tex.App.-Fort Worth 2003, no pet.).
Here, the trial court set aside the prior judgment but it did not address the merits of Estrada's claims. See J.B.A., 127 S.W.3d at 852. Instead, the court ordered that the underlying case be tried on the merits. Because the judgment granting the bill of review does not dispose of all issues, it is merely interlocutory and not appealable. Id., citing Tesoro, 796 S.W.2d at 705. We dismiss the appeal for want of jurisdiction.