IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00331-CV

 

Terry Kiefer and 

Kelly Jo Wood,

                                                                      Appellants

 v.

 

Ioannis John Touris and 

Dennis G. Brewer, Jr. 

ex rel Alexander Kiefer,

                                                                      Appellees

 

 



From the 301st District Court

Dallas County, Texas

Trial Court No. 02-15907

 



DISSENTING Opinion










 

          The Court errs.  First, this Court has
no jurisdiction.  Second, this Court refuses to follow Texas Supreme Court
precedent.

Interlocutory Ruling in
a Bill of Review

          This appeal is taken half way through
a trial court proceeding.  The trial court has essentially determined in a
summary judgment proceeding that a prior judgment which determined paternity of
A.K. and the relative rights and responsibilities of Terry Kiefer and Kelly Jo
Wood are set aside.  The majority affirms that decision and acknowledges that
this will allow a new determination of who the parents of A.K. are and the
relative “rights and relationships” of the various parties.  See
Majority Op., fn 8.  Obviously, that second phase has not occurred.  Id.  As such, the decision of the trial court is an interlocutory order.  This is
not the type order subject to an interlocutory appeal.

          I cannot express the relevant law and
precedent more succinctly than the El Paso Court of Appeals recently did in In
the Interest of S.D.E., No. 08-04-00092-CV, 2005 Tex. App. LEXIS 4143 (Tex.
App.—El Paso, May 26, 2005, no pet. h.).  The El Paso Court explained it as
follows:

BILL OF REVIEW

 

The final judgment in a bill of review should
either deny relief to the petitioner or grant the bill of review and set aside
the former judgment, insofar as it is attacked, and substitute a new judgment
which properly adjudicates the entire controversy.  In the Interest of
J.B.A., 127 S.W.3d 850, 851 (Tex.App.—Fort Worth 2004, no pet.), citing
 Tex. Employers’ Ins. Ass’n v. Arnold, 126 Tex. 466, 88 S.W.2d
473, 474 (1935); Shahbaz v. Feizy Import& Export Co., 827 S.W.2d 63,
64 (Tex.App.—Houston [1st Dist.] 1992, no writ); Crabtree v. Crabtree,
627 S.W.2d 486, 487 (Tex.App.—Corpus Christi 1981, no writ).  A bill of review
that sets aside a prior judgment but does not dispose of all the issues of the
case on the merits is interlocutory in nature and not a final, appealable
order.  Shahbaz, 827 S.W.2d at 64, citing Tesoro Petroleum v. Smith,
796 S.W.2d 705, 705 (Tex. 1990); Hartford Underwriters Ins. v. Mills,
110 S.W.3d 588, 591 (Tex.App.—Fort Worth 2003, no pet.).

 

Here, the trial court set aside the prior
judgment but it did not address the merits of Estrada’s claims.  See J.B.A.,
127 S.W.3d at 852.  Instead, the court ordered that the underlying case be
tried on the merits.  Because the judgment granting the bill of review does not
dispose of all issues, it is merely interlocutory and not appealable. Id., citing Tesoro, 796 S.W.2d at 705.  We dismiss the appeal for want of
jurisdiction.

 

Id. at *3-4.  We should do the same in this case.




“Alleged Father”
Requires an Allegation

          But if I am wrong with regard to our
jurisdiction, I would avoid the error the majority makes on the merits.  I
would follow the Texas Supreme Court in Sherry rather than the Dallas
Court of Appeals in In the Interest of K.M.S.  Texas Dep't of
Protective & Regulatory Servs. v. Sherry, 46 S.W.3d 857 (Tex. 2001); In the Interest of K.M.S., 68 S.W.3d 61 (Tex. App.—Dallas 2001), pet.
denied, 91 S.W.3d 331 (Tex. 2002).

          In Sherry, the Texas Supreme
Court interpreted various provisions of the Texas Family Code.  One provision
construed was the definition of “alleged father” as being a man alleged in a
formal pleading filed in that case to be the father.  Sherry, 46 S.W.3d
at 860.  The Dallas court in K.M.S. declined to follow the Supreme
Court’s construction of the definition of alleged father because the Dallas court construed that portion of the Supreme Court’s opinion as dicta, and for other
reasons.  K.M.S., 68 S.W.3d at 70.

          In K.M.S., the result did not
turn on the definition of “alleged father.”  The case before us does.  Majority
Op., pg. 3.  The majority relies on K.M.S. as support for the
proposition that an alleged father can be someone other than a person alleged
in a formal pleading as the father.  Id.

          The majority errs.  While the petition
for review in K.M.S. was denied, the Dallas court’s refusal to follow Sherry’s
construction of what it takes to be an alleged father did not go unmentioned. 
That per curiam opinion, denying the petition in K.M.S., should be all
that is necessary to understand why the majority errs.  The Supreme Court in
denying the petition in K.M.S. stated:

In its opinion, the court of appeals “decline[d]
to follow” Texas Department of Protective & Regulatory Services v.
Sherry, 46 S.W.3d 857 (Tex. 2001), in which this Court interpreted various
provisions of the Texas Family Code.  Id. at 70.  The court’s refusal to
follow Sherry does not affect the disposition of this case. 
Nevertheless, in reaching their conclusions, courts of appeals are not free to
disregard pronouncements from this Court, as did the court of appeals here.  Lofton
v. Texas Brine Corp., 777 S.W.2d 384, 386 (Tex. 1989) (“This court need not
defend its opinions from criticism from courts of appeals; rather they must
follow this court’s pronouncements.”).

 

In re K.M.S., 91 S.W.3d 331 (Tex. 2002).

          As for me, and I wish I could say “and
this Court,” I will follow Texas Supreme Court precedent.  To be an alleged
father entitled to service of process, it must be alleged in a formal pleading
that the person is the father.  That just makes common sense, even if the Texas
Supreme Court had not already construed it that way.

Conclusion

          We have no jurisdiction of this
interlocutory appeal of a decision on the first phase of a bill of review.  The
majority errs in reaching the merits.

          As an intermediate appellate court, we
are bound to follow precedent of the Texas Supreme Court.  The majority errs in
declining to follow the definition of alleged father established by the Texas
Supreme Court in Sherry.

          For these reasons, I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed June 29, 2005