# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00791-CV

---

**Mark Cargill, Appellant**

v.

**Wilton Re Assignment Illinois, Inc. f/k/a Aegon Assignment Corp. and Transamerica Life Insurance Company, Successor By Merger with Transamerica Premier Life Insurance Company f/k/a Monumental Life Insurance Company, Appellees**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-000552, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Mark Cargill seeks to appeal an order granting a bill of review, which vacated a previous judgment in a suit to terminate a trust. Cargill, a licensed attorney, represented the trust beneficiary in the trust-termination suit. The appellees have now filed a motion to dismiss this appeal on the ground that the trial court's order is not a final, appealable judgment. For the reason explained below, we will grant the motion and dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

The dispute underlying the trial court proceedings arises from a structured-settlement annuity (the Annuity), which was created in connection with the settlement of a lawsuit for personal injuries suffered by Shu'Kaila Calhoun, who was a minor. The Annuity agreement required that periodic payments be made to the Arc of Texas Master Pooled Trust (the

Trust) for the benefit of Calhoun. Following a series of assignments, Transamerica became the owner and issuer of the Annuity, with the Trust as the payee.[1]

In September 2020, Calhoun, represented by Cargill, filed suit to terminate the Trust. In her petition, Calhoun also requested an order "that the remaining assets of the Trust be distributed to [her] directly." In other words, Calhoun sought to change the payee of the Annuity for the remaining periodic payments from the Trust to her, individually. On June 6, 2022, the trial court signed an Agreed Order terminating the Trust, discharging the trustee, and directing Transamerica to make the periodic payments to Calhoun and Cargill, and to send those payments to Cargill's law office in Palestine, Texas. Upon receiving notice of the Agreed Order, Transamerica began to issue the periodic payments to Calhoun and Cargill.

After a dispute arose between Cargill and Calhoun over Cargill's rights to portions of the periodic payments, Transamerica filed a petition for bill of review to vacate the Agreed Order on the ground that it had never received notice of the trust-termination suit and that the Agreed Order directly impacted its contractual rights as the owner and issuer of the Annuity. Following an evidentiary hearing, on October 25, 2023, the trial court signed an order granting the bill of review and vacating the Agreed Order. Cargill filed a notice of appeal.

## ANALYSIS

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *King Ranch v. Chapman*, 118 S.W.3d 742,

---

[1] Appellee TransAmerica Life Insurance Company, successor by merger with Transamerica Premier Life Insurance Company f/k/a Monumental Life Insurance Company is the issuer of the Annuity; appellee Wilton Re Assignment Illinois, Inc. f/k/a Aegon Assignment Corporation is the owner of the Annuity. We will refer to the appellees collectively as "Transamerica."

751 (Tex. 2003). The final judgment in a bill of review should either (1) deny any relief to the petitioner, or (2) grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy. *Xiaodong Li v. DDX Grp. Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *In re J.B.A.*, 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet). An order which grants a bill of review and sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and is not a final, appealable judgment. *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam) (citations omitted).

In its order granting Transamerica's bill of review, the trial court vacated the Agreed Order; reinstated the Trust as payee, "until further disposition by this Court"; directed that all money received by Cargill, his attorney, the Trust, and their respective attorneys "as a result of the Agreed Order" be placed into the registry of the Court; and ordered that "[Cargill], [his attorney], and Christina Cargill . . . prepare a complete accounting of all money they have received and taken out from the funds issued out of the Annuity." In effect, the trial court unwound the termination of the Trust and returned the parties to their respective positions, as they existed prior to the Agreed Order. The trial court, however, did not adjudicate the disputed substantive issue of whether the Trust should be terminated. Consequently, the trial court's order granting Transamerica's bill of review did not dispose of all claims and parties and thus is not a final appealable order. *See id.* As a result, we lack jurisdiction to consider the merits of this appeal. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 194 (Tex. 2001) (noting that appellate court's jurisdiction is generally limited to appeals from final judgments and certain interlocutory orders as permitted by statute).

3

Accordingly, we grant Transamerica's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed:   April 19, 2024