**Opinion issued June 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00316-CV

————————————

**WINNIE STACEY ALWAZZAN, Appellant**

**V.**

**ISA ALI ALWAZZAN[1] AND INTERNATIONAL AGENCIES CO., LTD.,
Appellees**

---

**On Appeal from the 246th Judicial District Court
Harris County, Texas
Trial Court Case No. 2017-24671**

---

---

[1] Though Isa Ali Alwazzan has filed a brief in this matter, the trial court's grant of the bill of review did not modify any of the prior determinations as to Isa in the underlying divorce matter, and appellant did not name Isa as a party in her docketing statement filed with this court.

## MEMORANDUM OPINION

Appellant Winnie Stacey Alwazzan challenges the trial court's grant of appellee International Agencies Co., Ltd.'s (IACL)[2] bill of review and rendition of judgment in favor of IACL in the underlying divorce case. In five issues, Winnie argues that the trial court erred in granting the bill of review. We affirm.

### Background

Winnie and Isa Alwazzan were married in 1985. Winnie filed for divorce in Montgomery County, Texas in 2011. Following mediation, Winnie and Isa entered into a Mediated Settlement Agreement (MSA) in November 2011. Before the trial court entered a final decree of divorce ratifying the agreement, Winnie filed a non-suit seeking to dismiss the divorce case on February 7, 2012. That same day, Winnie filed an Original Petition for Divorce from Isa in Harris County.

In October 2012, Winnie amended her Harris County divorce petition to add IACL as co-respondent. IACL is a foreign corporation incorporated and operating under the laws of the Kingdom of Bahrain, owned in part by members of Isa's family. Isa owns 1/3 of his family's fifty percent share of the company, or 16.67 percent. Winnie's amended petition claimed that IACL was doing business in Texas and assisted Isa in defrauding her during their marriage.

---

[2] At times in the record, IACL is referred to as "Intercol."

Trial of the Harris County divorce was conducted on December 10, 2012, before the associate judge. Winnie was the only witness at trial. Isa was not present but was represented by counsel. IACL did not appear. Winnie's counsel advised the associate judge that IACL had been served through the Secretary of State via certified mail but had not answered.

The associate judge signed his Associate Judge's Report on December 21, 2012. In the report, the judge granted Winnie a divorce, resolved matters of child support and insurance for the children, made a property division, and awarded Winnie two judgments against Isa. As to IACL, the associate judge noted that it had "wholly defaulted" but stated that "[j]udgment against [IACL] is denied."

Claiming that the associate judge's report failed to address some of the relief she requested, Winnie filed a Motion for Additional Rulings on February 5, 2013. As it pertained to IACL, Winnie claimed that though the report awarded the community interest in IACL to Isa, it "fail[ed] to award any value for the business to [Winnie]." Winnie claimed that the community value of IACL was "uncontroverted at $666 million" but "[t]he property division award for an innocent spouse in an at-fault divorce was less than one percent of the community."

The associate judge signed a handwritten report with his determination as to the Motion for Additional Rulings on February 21, 2013, stating that the judgment

in favor of Winnie against Isa included consideration of the value of IACL and declining to grant Winnie further relief.

Winnie then filed a Notice of Non-Suit on April 10, 2013. That same day, she filed yet another divorce petition against Isa, this time in Galveston County, Texas.[3] The presiding judge in the Harris County action signed an Order on Notice of Non-Suit on April 12, 2013, dismissing that suit without specifying whether the matter was dismissed with or without prejudice.

On April 11, 2017, IACL filed its Original Petition for Bill of Review, seeking entry of a final judgment dismissing all claims against IACL in the Harris County divorce action with prejudice. IACL argued that Winnie's non-suit, filed after trial on the merits, should have had prejudicial effect as a final judgment. IACL first argued that Winnie failed to serve IACL with process. IACL further contended that: (1) it had a meritorious *res judicata* defense to any recovery by Winnie against IACL in the Harris County divorce proceeding; (2) the non-suit was a final disposition with prejudice of all claims against IACL; (3) IACL was not properly served in the divorce matter or with notice of the non-suit; (4) Winnie prevented IACL from asserting its defenses by failing to serve it with either the divorce petition or non-

---

[3] In *Alwazzan v. Alwazzan*, 596 S.W.3d 789 (Tex. App.—Houston [1st Dist.] 2018, pet. denied), this Court affirmed with modifications the Galveston County trial court's vacatur of its default divorce decree, dismissal of the suit, and award of sanctions against Winnie. *Id.* at 794.

suit; and (5) IACL's failure to answer was not the result of its own negligence, but instead, lack of service of process. IACL's bill of review also included a general denial and special exceptions to Winnie's First Amended Petition for Divorce.

IACL filed its First Amended Petition for Bill of Review on April 13, 2017. Winnie filed her answer asserting a general denial on May 22, 2017. She later filed a Cross-Petition for Divorce and Third-Party Claims and Request for Disclosures on November 2, 2018. Winnie's cross-petition named Isa as cross-respondent and IACL and Isa's father as third-party respondents.

IACL filed a Second Amended Petition for Bill of Review on November 8, 2021,[4] raising an additional meritorious defense to the underlying divorce.[5] Winnie then filed an answer to the second amended petition on November 12, 2021, asserting a general denial, objections, and specific affirmative defenses.

Trial of the bill of review was held on February 14, 2022. On March 12, 2022, the trial court signed its "Order Granting Bill of Review and Order Entering Previously Rendered Judgment in Cause No. 2012-07576" [the Harris County divorce case], determining the following:

---

[4]    The bill of review proceeding was abated during the pendency of the appeal in the Galveston County divorce case.

[5]    IACL argued that (1) it did not conduct business in Texas during Winnie and Isa's marriage, (2) it played no role in the marriage or the community property, and (3) Isa's IACL shares were his separate property.

It is ORDERED that Bill of Review is GRANTED only as to Petitioner, INTERNATIONAL AGENCIES CO., LTD. with respect to the April 12, 2013 Order of Non-Suit signed in Cause 2012-07576, under the caption *In the Matter of the Marriage of Winnie Stacey Alwazzan v. Isa Ali Alwazzan et al.* It is further ORDERED that the April 12, 2013 Order of Non-Suit is hereby vacated only as to the Petitioner, INTERNATIONAL AGENCIES CO., LTD.

The Court finds that on December 21, 2012 a valid judgment was rendered in Cause No. 2012-07576 as to claims asserted against the Petitioner, INTERNATIONAL AGENCIES CO., LTD. by Respondent, WINNIE STACEY AL WAZZAN after a trial on the merits wherein Respondent introduced her evidence and rested prior to filing a subsequent notice of non-suit upon which the April 12, 2013 Order of Non-Suit was based.

Based on these findings and the Court's order granting Bill of Review, the Court determines that no additional proceedings are required in this case and that judgment as previously rendered on December 12, 2012 in Cause No. 2012-07576 as relating to Petitioner, INTERNATIONAL AGENCIES CO., LTD., should be entered.

It is therefore ORDERED that judgment is denied as against Petitioner, INTERNATIONAL AGENCIES CO., LTD., with respect to the claims asserted and prosecuted by Respondent, WINNIE STACEY AL WAZZAN, in Cause No. 2012-07576 and Respondent, WINNIE AL WAZZAN, shall take nothing by virtue of those claims.

The Court hereby further DISMISSES, WITHOUT PREJUDICE, Respondent's Cross-Petition for Divorce and Third-Party Claims and Request for Disclosures filed on or about November 2, 2018 as outside the permissible scope of this Bill of Review action.

Any and all other relief requested in this cause and not specifically granted is denied. This is a final judgment which disposes of all issues and all parties.

Thereafter, this appeal followed.

**Bill of Review**

Each of Winnie's five issues on appeal concerns the trial court's grant of IACL's petition for bill of review. Specifically, Winnie contends that: (1) the trial court erred in failing to allow her to present a case-in-chief during the bill of review proceedings; (2) a bill of review is not appropriate here because there is no default judgment to set aside; (3) the trial court incorrectly determined that IACL had a meritorious defense; (4) the trial court erred in finding that IACL was deprived of its right to assert a defense; and (5) the trial court erred in dismissing Winnie's counter-petition for divorce and in failing to adjudicate the divorce action and third-party claims against IACL.

**A.     Standard of Review and Applicable Law**

A bill of review is an equitable proceeding brought by a party who seeks to set aside a prior judgment that can no longer be challenged by a motion for new trial or a direct appeal. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *see* Tex. R. Civ. P. 329b(f). It is designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). We review the grant or denial of a bill of review for abuse of discretion. *Joseph v. Jack*, 624 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). However, if the inquiry on the bill of review concerns

7

a question of law, we review the trial court's decision de novo. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979); *Parsons*, 112 S.W.3d at 337 n.2)).

Bill-of-review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 96. If a bill of review is premised on a lack of service of process or notice, the petitioner is relieved from proving the first two elements. *See id.* at 96–97; *see also Mabon Ltd.*, 369 S.W.3d at 812–13.

## B. Applicability of Bill of Review to Winnie's Non-Suit

We turn first to Winnie's second issue concerning the applicability of a bill of review because if we determine that a bill of review was inappropriate, we need not reach her remaining issues. *See* TEX. R. APP. P. 47.1. Winnie argues that "[t]he entire point of a Bill of Review is to set aside an adverse default judgment when the time to challenge same has passed," but here, "[t]he trial court never issued a judgment in the first place." We disagree.

As IACL points out, its bill of review sought relief from the trial court's order of dismissal pursuant to Winnie's non-suit. The effect of the non-suit was to

8

invalidate the associate judge's earlier determination that Winnie was not entitled to any recovery from IACL—a determination that favored IACL. After obtaining the non-suit, which should have dismissed the action with prejudice, Winnie filed another suit against IACL in another county, with the associate judge's report having no effect.[6] By failing to provide the required notice of the non-suit to IACL, Winnie prevented IACL from challenging the non-suit and seeking to have the associate judge's report confirmed by order of the presiding judge. Thus, Winnie's argument on appeal that IACL's bill of review "was without purpose or application in this case" is incorrect.

This court has held that an order of dismissal of a cause pursuant to a non-suit becomes a final judgment after the court's plenary jurisdiction expires. *Harris Cnty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194–95 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding [leave denied]); *see also Avmanco, Inc. v. City of Grand Prairie*, 835 S.W.2d 160, 163 (Tex. App.—Fort Worth 1992, appeal dism'd as moot); *Felderhoff v. Knauf*, 819 S.W.2d 110, 111 (Tex. 1991) (plaintiff's "right to

---

[6] Because Winnie had already presented her evidence at trial by the time she non-suited, the effect should have been a dismissal with prejudice. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854–55 (Tex. 1995); *Stanzel v. O'Brien*, 584 S.W.2d 577, 578 (Tex. App.—Beaumont 1979), *aff'd* 603 S.W.2d 826 (Tex. 1980) ("[W]hen a plaintiff takes a non-suit after he has presented his evidence and has rested his own case-in-chief, the order of dismissal entered thereon shall be one of dismissal with prejudice to refile."). Instead, the trial court's order failed to state whether it was with or without prejudice. Winnie filed a new suit against Isa and IACL in Galveston County on April 10, 2013—the same day she filed her notice of non-suit in the Harris County case.

appeal the sanction order accrued when the trial court *rendered* its judgment," which was an order of dismissal on plaintiff's motion for non-suit) (emphasis added). Even though a court has no discretion not to grant a plaintiff's timely filed and proper motion for non-suit, its issuance of a written order granting the motion, which dismisses the entire case, represents a written judgment entered of record regardless of whether an adjudication on the merits has occurred. *See Wittig*, 881 S.W.2d at 194–95. If no motion for new trial is filed, the judgment granting non-suit becomes final thirty days after it is signed. *Id.* at 194; TEX. R. CIV. P. 329b. At that point, the trial court's plenary jurisdiction expires. *Am.'s Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 877–78 (Tex. App.—San Antonio 1995, writ denied).

Because the trial court's order granting Winnie's non-suit was a final judgment, IACL's petition for bill of review challenging the non-suit was procedurally proper. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 928 (Tex. 1999) (per curiam) (holding that petitioner was entitled to bill of review where it did not receive notice of non-suit and thus did not know prior default judgment against petitioner—which it was concurrently challenging via bill of review and motion for new trial—had already become final). We overrule Winnie's second issue and turn to her remaining issues.

## C.    Winnie's Presentation of Evidence at Bill of Review Trial

In her first issue, Winnie contends that the trial court erred by not allowing her to present any evidence before ruling on IACL's bill of review. IACL responds that Winnie never pleaded any defense to IACL's claim that it did not receive notice of the non-suit or order granting non-suit and, in the four years the bill of review was pending, never offered or exchanged any exhibits to be used at trial despite the trial court's order instructing the parties to do so on or before ten days before trial.

The only case cited by Winnie in support of her argument is *Stearns v. Martens*, 476 S.W.3d 541 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In that case, a wife moved for directed verdict during the jury trial of her divorce case following her presentation of her case-in-chief but before her husband offered evidence in his case-in-chief. *Id.* at 545. Winnie is correct that the *Stearns* court held that "[a]ccording to basic principles of trial procedure, a trial court should not render a directed verdict against a party before that party has had a full opportunity to present the party's case and has rested." *Id.* at 546.[7] However, a review of the record suggests that unlike the husband-defendant in *Stearns*, Winnie had every opportunity to present evidence. As IACL points out, during the four-year pendency of the bill of review, Winnie never attempted to identify or introduce any witnesses or exhibits

---

[7]     The rule that Winnie cites concerns directed verdicts in jury trials. Here, however, no one moved for judgment or directed verdict.

in support of her position that a bill of review was improper. Instead, as evidenced by the record of the trial proceedings, Winnie chose to focus on legal arguments. And it was Winnie who thrice moved to dismiss IACL's bill of review based on those legal arguments, not any factual evidence.

There is nothing to suggest Winnie was prevented from presenting evidence at trial; instead, she elected not to introduce any. In fact, after denying Winnie's first oral motion to dismiss on the record, the trial court stated, "we're gonna proceed with testimony and documentary evidence after lunch." Following a lunch break, IACL introduced its exhibits, which were admitted without objection. Winnie then re-urged her motion to dismiss. The trial court denied it again, and IACL presented testimony from its first and only witness on the issue of notice. After IACL announced it would not present any additional witnesses, Winnie moved to dismiss for a third time. Following additional arguments, the trial court pronounced its ruling.

On appeal, Winnie does not identify any evidence she sought to introduce at trial. Rather, she asks us to find reversible error based on a singular holding that is distinguishable from the instant case. We decline her invitation, and we overrule her first issue.

**D.      Satisfaction of Bill of Review Elements**

In her third and fourth issues, Winnie challenges IACL's proof of the first and second bill-of-review elements. Winnie is correct that ordinarily a bill-of-review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party, or official mistake; (3) unmixed with any fault or negligence of their own. *Caldwell*, 154 S.W.3d at 96. However, a bill-of-review plaintiff claiming no service or notice is relieved of the obligation to prove the first two elements because a judgment rendered without notice is constitutionally infirm regardless of whether the plaintiff possesses a defense that he was prevented from making. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *see also Caldwell*, 154 S.W.3d at 96–97; *Mabon Ltd.*, 369 S.W.3d at 812–13. Nevertheless, the bill-of-review plaintiff alleging lack of service must still demonstrate the third bill-of-review element—that the judgment was rendered unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 97.

At the trial on IACL's bill of review, IACL argued that it failed to receive notice of the non-suit in two respects: first, Winnie failed to send the required notice of non-suit, and later, the clerk failed to send the notice required after the trial court

signed its order on Winnie's non-suit. *See* TEX. R. CIV. P. 162, 306a(3).[8] IACL

argues that if it had received either notice, it could have challenged the non-suit as

improper under Rule 162 (because Winnie had already presented her evidence at the

trial of the divorce case) and sought entry of the associate judge's report as a final

order, thus preventing Winnie from refiling the divorce in Galveston County after

non-suiting in Harris County.

In support of its arguments, IACL pointed to the Certificate of Service for

Winnie's non-suit, which indicated the non-suit was served on counsel for Isa, via

facsimile, and on counsel for third-party respondent Michelle Collins,[9] via hand

delivery:

---

[8] At trial, IACL also argued that it never received service of process of the underlying divorce lawsuit, but it does not raise this argument on appeal. Texas courts have held that lack of service of process conclusively establishes the third bill-of-review element. *See, e.g.*, *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004).

[9] Winnie named Collins, who was purportedly Isa's girlfriend, in the divorce.

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 10th day of April, 2013.

*Via Facsimile 281-587-9342*
Steven I. Bruman
BRUMAN & BAER, PC
4560 FM 1960 West, Suite 104
Houston, Texas 77069

Meghann J. Smith
VIA HAND DELIVERY

_____
Jared R. Woodfill

Nothing in the above references service of the non-suit upon IACL. Further, when the trial court asked counsel for Winnie whether notice was sent to IACL, counsel responded: "Nobody knows, Judge."

IACL also presented testimony from Santosh Pai, general manager of IACL, who testified remotely from Bahrain. Pai testified as to how IACL receives mail and that if a lawsuit or legal document was received by IACL, it would have been directed to him and the head of finance and administration (Mr. Manikkan), as well as the company's director, depending on the seriousness of the case. Pai reviewed the Notice of Non-Suit and Order on Notice of Non-Suit and testified that IACL never received either document. He stated that neither he nor Manikkan ever received either document. Pai testified that they checked for the documents in the

file rooms in both his building and Manikkan's building on multiple occasions, but they did not find the documents. In response, Winnie did not present any evidence or testimony refuting lack of notice of the non-suit or order on the non-suit.

The evidence presented at the bill-of-review trial conclusively establishes that IACL never received notice of Winnie's non-suit or the trial court's subsequent order on the notice of non-suit. By showing that IACL never received these documents, it established that it was prevented from taking any sort of remedial action, through no fault of its own. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244–45 (Tex. 1974) (holding that bill of review may be predicated on party's lack of notice of judgment); *Mabon Ltd.*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96. As a result, the trial court correctly granted IACL's petition for bill of review.

We overrule Winnie's third and fourth issues.

## E. Winnie's Counter-Petition and Third-Party Claims

In her final issue, Winnie argues that the trial court erred in dismissing Winnie's counter-petition for divorce filed in the bill-of-review action. She claims that in so doing, the trial court failed to adjudicate the underlying dispute—that is, the divorce between Isa and Winnie and Winnie's claims against IACL.[10] As it

---

[10] Winnie's arguments on appeal do not appear to challenge the dismissal of her claims against Isa's father, who Winnie named as a third-party respondent in her cross-petition for divorce in the bill of review action. In any event, the record does not indicate Winnie attempted service of process upon Isa's father. Winnie's certificate of service for her cross-petition states: "I certify that a true copy of the above was

16

concerns IACL, Winnie is incorrect. As it concerns Isa, that is not properly before us.

If a trial court denies a bill of review, the matter is determined in one step—the order denying the bill of review becomes a final order for purposes of appeal. *Alaimo v. U.S. Bank Trust Nat'l Assoc.*, 551 S.W.3d 212, 215 (Tex. App.—Fort Worth 2017, no pet.) (citing *Baker*, 582 S.W.2d at 409)). However, if the trial court grants the bill of review, a second step follows—adjudication of the original, underlying cause of action. *Id.* (citing *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.)); *see also Baker*, 582 S.W.2d at 409. Texas courts have held that this second step should occur in the bill of review cause of action, not the original action, because a judgment in a bill of review proceeding does not restore a trial court's plenary power in the underlying cause. *See Alaimo*, 551 S.W.3d at 217; *Mills*, 110 S.W.3d at 590 (citing *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 465 (Tex. 1989) ("[W]hen the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review.")).

---

served on each attorney of record or party through efiling eservice in accordance with the Texas Rules of Civil Procedure." Isa's father was not a party to the original divorce proceeding, or the bill of review; therefore, service of process was required. *See* TEX. R. CIV. P. 124.

17

Here, the trial court followed the correct procedure. Following trial on the bill of review, the trial court entered a single order granting the bill of review and adjudicating the underlying claims as to IACL—the bill-of-review petitioner. *See Baker*, 582 S.W.2d at 409 (explaining that "only one final judgment may be rendered in a bill of review proceeding," with two components—the two steps discussed above). The court's order first vacated the April 12, 2013 order of non-suit as to IACL (step one). Then, as it concerns the claims against IACL in the underlying divorce, the trial court rendered judgment in favor of IACL and ordered that Winnie take nothing on her claims against it (step two). The relevant portions of the trial court's order are as follows:

> The Court finds that on December 12, 2012 a valid judgment was rendered in Cause No. 2012-07576 as to claims asserted against the Petitioner, [IACL] by Respondent, WINNIE STACEY AL WAZZAN after a trial on the merits wherein Respondent introduced her evidence and rested prior to filing a subsequent notice of non-suit upon which the April 12, 2013 Order of Non-Suit was based.

> Based on these findings and the Court's order granting Bill of Review, the Court determines that no additional proceedings are required in this case and that judgment as previously rendered on December 12, 2012 in Cause No. 201207576 as relating to Petitioner, [IACL], should be entered.

> It is therefore ORDERED that judgment is denied as against Petitioner, [IACL], with respect to the claims asserted and prosecuted by Respondent, WINNIE STACEY AL WAZZAN, in Cause No. 2012-07576 and Respondent, WINNIE AL WAZZAN, shall take nothing by virtue of those claims.

The Court hereby further DISMISSES, WITHOUT PREJUDICE, Respondent's Cross-Petition for Divorce and Third-Party Claims and Request for Disclosures filed on or about November 2, 2018 as outside of the permissible scope of this Bill of Review action.

Any and all other relief requested in this cause and not specifically granted is denied. This is a final judgment which disposes of all issues and all parties.

By its clear language, the trial court's order adjudicated the merits of the underlying claims against IACL, concluding that "judgment is denied as against [IACL]" with respect to Winnie's claims asserted in the divorce action. To the extent Winnie argues that claims against IACL remain, she is incorrect.

If Winnie now finds herself still married to Isa, that is the result of her decision to non-suit her claims in 2013 before entry of a final decree of divorce, not due to error in the trial court's decision on the bill of review. IACL's bill of review only challenged the non-suit as to IACL, not Isa.[11] And Isa did not seek a bill of review as to the non-suit of Winnie's claims against him.[12] "The final judgment in a bill of review should either deny any relief to the petitioner or grant the bill of review and

---

[11] At the bill of review trial, counsel for Isa stated as follows:

Everything in regard[] to this bill of review is related to the company. My client takes no position in this. This is not about the divorce proceeding. I believe last time [counsel for Winnie] was here, he made that clear -- that the divorce proceeding is untouched, that it is nonsuited and these parties are still married, that he needs to file a new petition for divorce.

[12] In his appellate brief, Isa notes that he has filed a Motion to Enter Judgment in the Montgomery County divorce action, seeking enforcement of the parties' 2011 mediated settlement agreement.

set aside the former judgment, *insofar as it is attacked*, and substitute a new judgment which properly adjudicates the entire *controversy*." *In re J.B.A.*, 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet.) (emphasis added) (citing *Tex. Emps.' Ins. Ass'n v. Arnold*, 88 S.W.2d 473, 474 (1935); *Shahbaz v. Feizy Import & Export Co.*, 827 S.W.2d 63, 64 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex. App.—Corpus Christi–Edinburg 1981, no writ)).

To the extent Winnie complains that the trial court was required to adjudicate her cross-petition for divorce and third-party claims, we also note that IACL contends, and Winnie does not dispute, that Winnie paid no filing fee with respect to her cross-petition. *See Kelsall v. Haisten*, 564 S.W.3d 157, 164 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (noting that "a defendant does not have an unconditional right to be heard on counterclaims absent the payment of a filing fee"; rather, it is a matter in trial court's discretion); *see also In re C.A.S.*, 128 S.W.3d 681, 686 (Tex. App.—Dallas 2003, no pet.) ("[B]y failing to file the required fee to support his counterclaims, [party] did not complete the filing of those claims and had no unconditional right to be heard on those claims.").

We overrule Winnie's fifth issue.

20

## Conclusion

Having overruled each of Winnie's issues, we affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.