# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00508-CV

**Nadia Muraira, Appellant**

**v.**

**Wesley William Hall, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. 20-1310, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This Court is obligated to determine, sua sponte, whether we lack jurisdiction over an appeal. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). Generally, unless the Legislature confers jurisdiction by statute, we do not have jurisdiction over an interlocutory appeal. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019). Absent a conventional trial on the merits, a judgment "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). Because we harbor concerns over the finality of the order being reviewed, we abate and remand this appeal so that the trial court may clarify its intentions. *See Bella Palma, LLC v. Young*,

601 S.W.3d 799, 801 (Tex. 2020) (per curiam) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." (quoting *Lehmann*, 39 S.W.3d at 206)); *see also Morath v. Elizondo*, No. 03-23-00125-CV, 2025 WL 270611, at *1 (Tex. App.—Austin Jan. 23, 2025, order) (per curiam) (exercising this discretion by requesting that trial court clarify whether its order was intended to be final), *appeal decided*, No. 03-23-00125-CV, 2025 WL 2263284 (Tex. App.—Austin Aug. 8, 2025, no pet. h.) (mem. op.).

On July 30, 2020, appellee filed a petition for bill of review in Cause Number 20-1310, seeking relief from an order rendered in Cause Number 17-0998 that terminated the parental rights of an "unknown biological father" and granted the stepparent adoption sought by appellant and the mother of the child. On July 31, 2024, the trial court signed an order that granted appellee's bill of review, vacated the underlying order, and "FURTHER ORDERED that in the Cause Number 17-0998 on June 16, 2017, in the 207th Judicial District of Hays County, Texas, styled *Order Terminating Parental Rights and Granting Adoption of Stepchild*, a final Order will be entered denying all relief requested in that Cause." The order does not otherwise contain finality language from which we can infer the trial court's intentions. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (explaining that although talismanic phrases are not required, "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." (quoting *Lehmann*, 39 S.W.3d at 206)).

"A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable." *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam). Thus, "[t]he final judgment in a bill of review should either deny any

2

relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy." *In re J.B.A.*, 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet.). Here, the trial court's order expresses that a final order adjudicating the merits of the underlying controversy "will be entered" in the original cause number. But to ensure that its order was final and appealable, the trial court was required to decide the merits of the underlying controversy—i.e., the termination of parental rights and stepparent adoption originally sought by appellant and the mother of the child—in the bill of review cause number. *See Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam) ("[A] bill of review proceeding that sets aside a parentage adjudication, but does not make a new parentage adjudication, is [not] an appealable judgment."); *Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 216 (Tex. App.—Fort Worth 2017, no pet.) (agreeing that "[w]hen a bill of review is granted, the underlying judgment is vacated but the parties proceed to final judgment in the bill of review proceeding on the merits of the underlying claims in the bill of review proceeding, not in the underlying case in which the judgment was vacated.").

We therefore abate the appeal and remand to the trial court so that it may clarify whether it intended its order to be final. A supplemental clerk's record containing the trial court's clarification is due in this Court on or before 30 days from the date of this opinion. The appeal will be reinstated upon receipt of the supplemental clerk's record.

It is ordered on August 29, 2025.


Before Chief Justice Byrne, Justices Kelly, and Ellis

Abated and Remanded

Filed: August 29, 2025

3