BONNIE SUDDERTH, JUSTICE
I. Introduction
Appellant Kevin Alaimo appeals the trial court's summary judgment for Appellee U.S. Bank Trust National Association, as Trustee of The SRMOF II 2012-1 Trust (SRMOF) in trial court cause number 14-08565-158 and the trial court's order granting a bill of review involving the same parties in trial court cause number 15-04164-158. For the jurisdictional reasons explained below, we declare the summary judgment void. We vacate the trial court's summary judgment and dismiss the remainder of the appeal.
II. Procedural Background
In February 2014, Alaimo purchased the *214 property at issue[1] from Bradford 790 Land Trust, which had obtained title to the property after a foreclosure sale. Later that year, on October 23, 2014, in trial court cause number 14-08565-158, styled Kevin Alaimo v. U.S. Bank Trust National Association, As Trustee of the SRMOF II 2012-1 Trust (hereafter, the underlying action), Alaimo sued SRMOF to quiet title to the property. SRMOF failed to answer, and on December 15, 2014, Alaimo obtained a default judgment against it.
On May 18, 2015, in trial court cause number 15-04164-158, styled SRMOF II 2012-1 Trust, U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Trustee (hereafter, the bill of review proceeding), SRMOF filed a petition for bill of review seeking to set aside the default judgment, claiming that Alaimo had failed to properly serve it in the underlying action. The trial court granted the bill of review, and on July 8, 2015, the trial court set aside the default judgment in the underlying action.
After the bill of review was granted and the default judgment was set aside, SRMOF filed its original answer and counterclaims against Alaimo in the underlying action. Because SRMOF filed its pleadings in the underlying action instead of in the bill of review proceeding, Alaimo filed a plea to the jurisdiction, complaining that the trial court's plenary power in the underlying action had expired and arguing that the merits of the original controversy must be resolved in the bill of review proceeding. The trial court implicitly denied Alaimo's plea to the jurisdiction by granting a final summary judgment in favor of SRMOF in the underlying action.
Alaimo appeals both the January 20, 2016 summary judgment granted in the underlying action and the July 8, 2015 order granting the bill of review in the bill of review proceeding. Because Alaimo's complaint as to the underlying action and the bill of review proceeding both implicate jurisdiction, we address jurisdictional issues first.
III. The Bill of Review Proceeding
A bill of review proceeding, like an equitable motion for new trial and a restricted appeal, is a method of attacking a default judgment. See PNS Stores, Inc. v. Rivera , 379 S.W.3d 267, 275 (Tex. 2012). The bill of review is the chosen method when the default judgment under attack is no longer subject to a motion for new trial or appealable. Tex. R. Civ. P. 329b(f) ; Frost Nat'l Bank v. Fernandez , 315 S.W.3d 494, 504 (Tex. 2010), cert. denied , 562 U.S. 1180, 131 S.Ct. 1017, 178 L.Ed.2d 829 (2011).
A. A Bill of Review is a Separate Proceeding
Although they share a common goal, a bill of review differs from a motion for new trial and from a restricted appeal in one significant procedural respect. While a motion for new trial is filed in the same original case and a restricted appeal is an appeal taken from the trial court's judgment in the original case, a bill of review proceeding is filed as a separate cause of action.[2] In re J.J. , 394 S.W.3d 76, 81 (Tex. App.-El Paso 2012, no pet.) (explaining that "[a]lthough a bill of review directly attacks a judgment rendered in a particular case, it is nonetheless an independent, *215 separate suit filed under a different cause number"); see also Tex. R. App. P. 30 ("Restricted Appeals to Court of Appeals in Civil Cases); Mueller v. Saravia , 826 S.W.2d 608, 609 (Tex. 1992) ("Assuming that Philbrook was properly decided ... [it] demands no more than that 'the motion for new trial must be filed in the same cause as the judgment the motion assails.' ").
B. Bill of Review is Either a One-Step or Two-Step Process
The bill of review is also peculiar in another respect-the final resolution of the bill of review proceeding will involve either a one-step process or a two-step process, depending upon whether the trial court denies or grants the bill. If the bill of review is denied, the matter is determined in one step-the order denying the bill of review, whether by dismissal, summary judgment, or conventional judgment, becomes a final order from which an appeal may be taken. See generally Baker v. Goldsmith , 582 S.W.2d 404, 409 (Tex. 1979) (explaining that, depending upon the petitioner's proof, a bill of review may be adjudicated by pretrial dismissal or after a trial on the merits); Mandel v. Lewisville ISD , 499 S.W.3d 65, 70 (Tex. App.-Fort Worth 2016, pet. filed) (considering a petition for bill of review that was adjudicated by summary judgment).
If, however, the bill of review is granted, a second step is added to the process-adjudication of the original, underlying cause of action. Hartford Underwriters Ins. v. Mills , 110 S.W.3d 588, 590 (Tex. App.-Fort Worth 2003, no pet.) (holding that "when the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs"). The requirement of this second step is set forth not only by our court in Hartford , but also by the supreme court in Baker v. Goldsmith . See Baker , 582 S.W.2d at 409.
In Baker , the supreme court explained that although "only one final judgment may be rendered in a bill of review proceeding," that judgment contains two components: (1) whether "the complainant is suffering under a wrongfully-obtained judgment," and, if so, (2) "whether the bill of review defendant, the original plaintiff, has proved the elements of his original cause of action." Id. (emphasis added). And, applying the approach articulated in Baker , in 2003, our court explicitly stated that the second step-the adjudication of the merits of the underlying lawsuit-should occur in the bill of review proceeding. Hartford , 110 S.W.3d at 590 (holding that "when the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review " (emphasis added)).[3]
One year later, we applied this rule in describing what a final judgment from a bill of review should adjudicate.
*216 In re J.B.A. , 127 S.W.3d 850, 851 (Tex. App.-Fort Worth 2004, no pet.). In J.B.A. , we explained that the final judgment in a bill of review should either: (1) deny any relief to the bill-of-review petitioner, or (2) "grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy. " Id. (emphasis added).
Citing both Baker and J.B.A. , this is precisely the argument that Alaimo raised when SRMOF attempted to litigate the original controversy between the parties in the underlying action instead of the bill of review proceeding. In fact, Alaimo raised this jurisdiction issue twice. In his motion to dismiss for lack of jurisdiction, Alaimo correctly argued,
When a bill of review is granted, the underlying judgment is vacated but the parties proceed to final judgment in the bill of review proceeding on the merits of the underlying claims in the bill of review proceeding, not in the underlying case in which the judgment was vacated. The merits must be resolved in the bill of review case because the court's plenary power in the underlying case has expired and therefore, the trial court lacks subject-matter jurisdiction over that case. U.S. Bank may move, at the appropriate time, for summary judgment in [the bill of review proceeding].
Alaimo also raised this issue in his first amended petition, which he filed in the underlying action after SRMOF filed its answer and summary judgment motion in that lawsuit. In his first amended petition, Alaimo stated, "This Court lacks jurisdiction in this case and Alaimo seeks a dismissal of this case for lack of jurisdiction. Alaimo files this pleading subject to that motion."
Inexplicably, in the face of the cases cited by Alaimo- Baker and J.B.A. -SRMOF represented to the trial court in its response that "there is no case law that supports Alaimo's contention."[4]
Also ignoring the authority that Alaimo cited from both the supreme court and our court, the trial court elected to hear the original controversy in the underlying action instead of where it should have been litigated-in the bill of review proceeding. In so doing, the trial court likewise ignored the implication of our ruling less than six months earlier, when Alaimo attempted to appeal the order granting the bill of review and we dismissed the appeal for want of jurisdiction. Alaimo I , 2015 WL 4776097, at *1. In expressing our concern in Alaimo I that "we might not have jurisdiction because the order from which [Alaimo] attempted to appeal did not appear to be a final judgment or appealable interlocutory order," the trial court was on notice of our opinion that additional claims-beyond the granting of the bill of review and the setting aside of the default judgment, which *217 had already occurred[5] -must be adjudicated in the bill of review proceeding in order for a judgment from that case to be final. Id.
C. The Order Granting Bill of Review is Not Final and Not Appealable
As explained above, a judgment following the granting of a bill of review must not only grant the bill of review, thereby setting aside the default judgment, but also must adjudicate the original controversy. Whether as one order standing alone or two orders taken together, structurally, in an action in which a bill of review is granted, two matters must be resolved: (1) a finding that the default judgment was wrongfully granted, and (2) a determination of whether the plaintiff in the original controversy ultimately prevails. Baker , 582 S.W.2d at 409.
Because the order in the bill of review proceeding here fails to dispose of the merits of the underlying controversy between Alaimo and SRMOF, it does not dispose of all parties and claims before the court for adjudication. If a judgment does not dispose of all parties and claims before it, it is not a final judgment. Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 192-93 (Tex. 2001). Thus, we hold for the second time that the order granting the bill of review, intact and unchanged since our decision in Alaimo I , is not final, but remains interlocutory.
IV. The Underlying Action
Alaimo obtained his default judgment against SRMOF in the underlying action on December 15, 2014. No one disputes that this judgment was intended to be, and was, a final judgment[6] at the time the bill of review proceeding was instituted on May 18, 2015. No motion for new trial-or any other plenary-power-extending motion-was filed. No restricted appeal was taken.
Had either a motion for new trial been granted or a restricted appeal resulted in a reversal and remand, the merits of the original controversy would have been resolved in the underlying action. Success through either of these default-judgment attack mechanisms would have breathed life back into the underlying action and restored plenary power to the trial court to adjudicate the merits of the original controversy in the underlying action.
But, as discussed above, a bill of review is a different procedural device-it is both filed and resolves the underlying dispute in a separate lawsuit. It does not, therefore, restore a court's plenary power over a cause of action that has been resolved by final judgment.
*218 Because the trial court here had lost its plenary power in cause number 14-08565-158, by the time it attempted to adjudicate the merits of the original controversy in that lawsuit, it acted without jurisdiction. Plenary power having expired, any attempt after January 14, 2015-the 30th day after the default judgment was signed-to change the judgment in cause number 14-08565-158 was ineffective and void. State ex rel. Latty v. Owens , 907 S.W.2d 484, 486 (Tex. 1995) (holding that judicial action taken after the court's plenary power has expired "is a nullity" and "void"); see also Tex. R. Civ. P. 329b(d) (providing that the trial court has plenary power to "vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed" (emphasis added)).
V. Proper Disposition of the Issues on Appeal
As we have recently held, "[o]ur jurisdiction in an appeal from a void order is limited to only 'determin[ing] that the order or judgment underlying the appeal is void and mak[ing] appropriate orders based on that determination.' " In re M.K. , 514 S.W.3d 369, 380 (Tex. App.-Fort Worth 2017, no pet.) (quoting Freedom Commc'ns, Inc. v. Coronado , 372 S.W.3d 621, 623 (Tex. 2012) ). The appropriate appellate disposition with regard to Alaimo's appeal of the summary judgment order is to "declare [the order] void, vacate it, and dismiss the appeal." Id.
With regard to Alaimo's challenge to the actions taken by the trial court in the bill of review proceeding, as we have stated above, the bill of review proceeding lacks a final judgment. Without statutory authority to review an interlocutory appeal in this circumstance, we lack jurisdiction to hear Alaimo's complaints related to the bill of review proceeding. Ordinarily, in such circumstances, we would dismiss this portion of this appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a).
Thus, as to Alaimo's challenges-both to the summary judgment order in the underlying action and to the order granting the bill of review in the bill of review proceeding-the ultimate result is dismissal of the appeal. The question before us is whether an exception should be made under these facts. We believe the answer to that question is no.
A. Bona Fide Attempt Exception
We are mindful of the guidance provided by the supreme court in numerous cases that appellate decisions should turn on "substance" instead of "technicality" and that as long as "bona fide" attempts are made to invoke jurisdiction-at least at the appellate court level-we should consider jurisdiction invoked. Mueller , 826 S.W.2d at 609. Applying that principle, for example, the supreme court has held that filing a timely notice of appeal under the wrong cause number or in the wrong case evinces a bona fide attempt to invoke appellate jurisdiction when no one is confused about or misled as to which judgment is sought to be appealed. City of San Antonio v. Rodriguez , 828 S.W.2d 417, 418 (Tex. 1992). Similarly, the supreme court has held that a motion for new trial erroneously bearing the original cause number rather than the severed cause number is sufficient to extend the trial court's plenary power and thus permit an appellant to perfect her appeal. Mueller , 826 S.W.2d at 608-09. But even if the application of this principle could extend to the invocation of the trial court's jurisdiction, the principle would not apply here for two reasons.
First, we see a difference between an inadvertent error in the numbering or styling of documents and pleadings and what occurred here. We agree that a party's *219 inadvertent mistake in a bona fide attempt to invoke an appellate court's jurisdiction should not result in such a harsh consequence as deprivation of the right to appeal. And, for purposes of this analysis, we will assume, without holding, that the bona-fide-attempt-to-invoke-jurisdiction exception applies at the trial court level such that an inadvertent mistake in a bona fide attempt to invoke the trial court's jurisdiction should not result in deprivation of a right to be heard in the trial court. But this was no inadvertent mistake.
Here, Alaimo voiced his concern that the trial court was conducting proceedings in the wrong case. He provided authority from this court and the supreme court that supported his contention, and our prior decision in Alaimo I supported his position. Yet, in the face of that authority, the trial court nevertheless continued to conduct proceedings in a case in which it had lost plenary power. Willful disregard of the law does not constitute a bona fide attempt by a trial court to operate within its own jurisdictional limits.
Second, and perhaps more important under the circumstances here, neither party risks loss of a valuable right. SRMOF's right to have its day in court will not be denied by the dismissal of this appeal because the original controversy can still be adjudicated in the proper case-the bill of review proceeding. Nor will the right to appeal that adjudication be lost. When a final judgment including an adjudication of the original controversy has been signed, both parties will have an opportunity to appeal that decision.
For these reasons, the bona-fide-attempt-to-invoke-jurisdiction exception cannot form a basis for our exercising jurisdiction over an appeal that should be dismissed.
B. The Abatement Option
In his reply brief, Alaimo suggests that instead of dismissing this appeal, we should abate it, an option he characterizes as a "more efficient way to address this jurisdictional defect," until the bill of review proceeding produces a final, appealable judgment. He argues that through abatement, the parties will avoid wasted time and expense, stating,
If this court simply vacates the trial court's order and remands, the parties will have to go through the same process with virtually no prospect of a different outcome. This will result in significant, duplicative time and expense at the trial court level and this appeal, only to get back to the same place the parties are now at a year or more later. Therefore, Alaimo requests (1) that the Court abate the remaining issues in this appeal and treat them as premature under Tex. R. App. P. 27.1 ; (2) vacate the order entered in the Underlying Proceeding; (3) order the district clerk to file in the Bill of Review Lawsuit all pleadings, motions, orders, and other papers that were filed in the Underlying Lawsuit after the trial court granted the bill of review; and (4) order the district clerk to file a supplemental record in this appeal to include the re-filed documents in the Bill of Review Lawsuit. After these actions are completed, the Court can then reinstate this appeal and consider the remaining issues on appeal. The Court has authority to accomplish this under Tex. R. App. P. 27.2 and 27.3. See In re GM Oil Props., Inc. , No. 10-00001-CV, 2010 WL 2653279, at *4 (Tex. App.-Houston [1st Dist.] July 1, 2010, no pet.) ; Davidoff v. GX Tech. Corp. , 134 S.W.3d 514, 515 (Tex. App.-Waco 2004, no pet.).
We agree that avoiding waste of time and resources is a laudable goal, but even *220 assuming that we have the authority to grant the relief Alaimo requests,[7] we decline to do so.
First, we are confident that the same goals can be accomplished at the trial court level without the necessity of abatement of this appeal. The rules of civil procedure afford the parties and the trial court many avenues to streamline and expedite this bill of review proceeding to reach a final judgment. See Tex. R. Civ. P. 11 (authorizing a trial court to enforce an agreement among the parties, providing that it is "in writing, signed and filed with the papers as part of the record, or ... made in open court and entered of record"), 166 (providing that to assist the parties "in the disposition of a case without undue expense or burden," the trial court may enter orders that, among other things, aid "in the disposition of the action"). The Texas Lawyer's Creed envisions such cooperation among counsel. See, e.g. , The Texas Lawyer's Creed-A Mandate for Professionalism III, reprinted in Texas Rules of Court 723, 724 (West 2017) (providing that an attorney will "readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party"), available at http://www.txcourts.gov/media/276685/texaslawyerscreed.pdf. In other words, the parties may agree to and, within the bounds of discretion, the trial court may order, relief similar to that which Alaimo asks this court to impose upon the district clerk with regard to the filing or use of documents erroneously filed in the underlying action.
Second, Alaimo's contention-that after reinstatement, this court could simply "consider the remaining issues in this appeal"-fails to take into account the costs, the benefits, and the propriety of assigning such a task to this court. His contention assumes, erroneously, that minimal resources would be expended by the appellate court to undertake the task of sorting through the remaining issues with a new record in an effort to determine which issues remain viable and which do not. His contention further assumes, in contradiction to the rules that govern appellate procedure, that the appellate court, rather than counsel, should identify and determine which issues should be considered on appeal. See Tex. R. App. P. 38.1(f) (providing that the appellant must include in his brief "all issues or points presented for review"), 47.1 (directing that the court of appeals must hand down a written opinion that "addresses every issue raised and necessary to final disposition of the appeal"). Alaimo's proposal for abatement also ignores the possibility that other errors, procedural or substantive, may occur during the abatement process, which would require the raising of additional points-and briefing-in the reinstated appeal. Even if we accepted Alaimo's premise that there is "virtually no prospect of a different outcome," it would still be necessary for the parties to expend time and resources to provide up-to-date citations to authority and briefing thereon relevant to whatever issues they might have assumed that we would have determined to remain.
Because we believe that the identifying and framing of issues on appeal is an endeavor best left to the advocates, not the court, we decline Alaimo's invitation to abate, rather than dismiss, the appeal.
VI. Conclusion
Accordingly, the January 20, 2016 summary judgment signed by the trial court in *221 the underlying action is void. We vacate that judgment, and we dismiss this appeal.

10232 Waterbury Drive, Aubrey, Texas, 76227-8500.

However, because only the court that rendered the original judgment has jurisdiction over the bill, the bill of review proceeding must be brought in that court. Frost Nat'l Bank , 315 S.W.3d at 504.

In Hartford , after the trial court granted the appellee's bill of review, the appellant attempted to challenge that order by appeal. 110 S.W.3d at 589-90. The appellant argued that the effect of the judgment granting the bill of review, which had a different cause number from the underlying case in which the default judgment had been granted and then vacated, was to "require the parties to litigate the merits of the underlying case under its former cause number." Id. at 590. We disagreed and dismissed the appeal for want of a final judgment, ids="9104925" index="31" url="https://cite.case.law/sw3d/110/588/#p590">id. at 590-91, the same basis as our dismissal of Alaimo's earlier attempt in this case to appeal only the order granting the bill of review. See Alaimo v. SRMOF II 2012-1 Trust (Alaimo I ), No. 02-15-00217-CV, 2015 WL 4776097, at *1 (Tex. App.-Fort Worth Aug. 13, 2015, no pet.) (mem. op.).

SRMOF repeats the same argument on appeal, that "Alaimo argues, without supporting authority, that the Underlying Case should have been adjudicated in the bill of review cause number." In a footnote, SRMOF acknowledges our Hartford decision but makes no mention of Baker or J.B.A . Summarily ignoring precedent binding not only in our jurisdiction but also in the entire state, SRMOF argues that because there are no "statutory guiding principles," the choice regarding which cause of action should proceed to adjudicate the original controversy is merely a "matter of administrative preference" for the trial court. But see Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a) (providing that "a lawyer shall not knowingly make a false statement of ... law to a tribunal " (emphasis added)), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

The only matter that the trial court adjudicated in the bill of review proceeding was the merits of the bill itself. In its "Order Granting Bill of Review"-the only order signed in the bill of review proceeding-the trial court "GRANT[ED] the Amended Bill of Review and order[ed] that all prior Orders rendered in the above styled matter under Cause No. 14-08565-158 be set aside." Despite the recitation in the order that the "above styled matter" was trial court cause number 14-08565-158, the underlying action, the order was actually and correctly styled and filed in trial court cause number 15-04164-158, the bill of review proceeding.

The judgment recited that "[t]his constitutes a final judgment which disposes of all claims, controversies, and parties, and is appealable. All relief not expressly granted herein is DENIED." See Lehmann , 39 S.W.3d at 200, 206 (holding that "the language of an order or judgment can make it final ... if that language expressly disposes of all claims and all parties" and noting that a statement in the judgment that "This judgment finally disposes of all parties and all claims and is appealable," would leave no doubt).

We are not persuaded that either case cited by Alaimo-In re GM Oil or Davidoff -authorizes the scheme that Alaimo advocates here.