

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00043-CV

**WILLIAM D. HARDEN,**

                                      **Appellant**

 **v.**

**US BANK, N.A., AS TRUSTEE, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-6,**

                                       **Appellees**

---

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-C202100359

---

## OPINION

---

In this appeal, William D. Harden, acting *pro se*, challenges the trial court's order granting the petition for bill of review filed by U.S. Bank, N.A., as Trustee, Successor-in-Interest to Bank of America, N.A., Successor by Merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-

Through Certificates, Series 2004-6, (U.S. Bank). The order does not dispose of the merits of the underlying controversy between Harden and U.S. Bank.

Unless a statute authorizes an interlocutory appeal, which is not the case here, appellate courts generally only have jurisdiction over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014 (listing interlocutory orders that may be appealed before final judgment is rendered in the case). In a bill-of-review proceeding,

> [the] judgment following the granting of a bill of review must not only grant the bill of review, thereby setting aside the default judgment, but also must adjudicate the original controversy. Whether as one order standing alone or two orders taken together, structurally, in an action in which a bill of review is granted, two matters must be resolved: (1) a finding that the default judgment was wrongfully granted, and (2) a determination of whether the plaintiff in the original controversy ultimately prevails.
>
> . . . .
>
> . . . [A] bill of review is a different procedural device—it is both filed and resolves the underlying dispute *in a separate lawsuit*. It does not, therefore, restore a court's plenary power over a cause of action that has been resolved by final judgment.

*Alaimo v. U.S. Bank Trust Nat'l Ass'n*, 551 S.W.3d 212, 217 (Tex. App.—Fort Worth 2017, no pet.). Accordingly, the Texas Supreme Court has stated: "A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam) (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam)); *Capps v. Hines*,

No. 10-19-00164-CV, 2020 WL 4524717, at *3 (Tex. App.—Waco Aug. 5, 2020, no pet.) (mem. op.).

Because the trial court's order in this proceeding does not dispose of the merits of the underlying controversy between Harden and U.S. Bank, the order is therefore interlocutory in nature and not a final judgment.[1] *See Kiefer*, 197 S.W.3d at 302; *Capps*, 2020 WL 4524717, at *3; *Alaimo*, 551 S.W.3d at 217. We thus lack jurisdiction of this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *CMH Homes*, 340 S.W.3d at 447.

By letters dated February 6, 2023, and March 14, 2023, the Clerk of this Court notified Harden that this appeal was subject to dismissal for want of jurisdiction because it appeared that there was no final judgment. The Clerk of this Court notified Harden that the Court may dismiss the appeal unless, within fourteen days of the date of the letter, a response was filed showing grounds for continuing the appeal. Harden filed a response, but he has not shown grounds for continuing the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


MATT JOHNSON
Justice

---

[1] As noted by the dissent, the trial court did sign a "Final Order" in this proceeding. And we recognize that the Texas Supreme Court has held that a judgment is final and appealable if there is no question that the trial court intended it to be so. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801–02 (Tex. 2020) (per curiam). Here, however, the trial court's "Final Order" does not state that it is disposing of all claims and all parties. To the contrary, the order acknowledges that the underlying controversy between Harden and U.S. Bank remains unresolved. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs. . . . Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case.").

Before Chief Justice Gray,*
       Justice Johnson, and
       Justice Smith
       *(Chief Justice Gray dissenting)
Dismissed
Opinion delivered and filed July 19, 2023
[CV06]

