

IN THE
TENTH COURT OF APPEALS

_____

No. 10-24-00176-CV

IN THE INTEREST OF S.H. AND W.H., CHILDREN

_____

From the 472nd District Court
Brazos County, Texas
Trial Court No. 23-002489-CV-472

MEMORANDUM  OPINION

In this appeal, Carolyn Michelle Baade challenges the trial court's order granting the petition for bill of review filed by James Ryan Hudiburgh. The order does not dispose of the merits of the underlying controversy.

Unless a statute authorizes an interlocutory appeal, which is not the case here, appellate courts generally only have jurisdiction over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014 (listing interlocutory orders that may be appealed before final judgment is rendered in the case). In a bill-of-review proceeding,

> [the] judgment following the granting of a bill of review must not only
> grant the bill of review, thereby setting aside the default judgment, but

also must adjudicate the original controversy. Whether as one order standing alone or two orders taken together, structurally, in an action in which a bill of review is granted, two matters must be resolved: (1) a finding that the default judgment was wrongfully granted, and (2) a determination of whether the plaintiff in the original controversy ultimately prevails.

. . . .

. . . [A] bill of review is a different procedural device—it is both filed and resolves the underlying dispute *in a separate lawsuit*. It does not, therefore, restore a court's plenary power over a cause of action that has been resolved by final judgment.

*Alaimo v. U.S. Bank Trust Nat'l Ass'n*, 551 S.W.3d 212, 217 (Tex. App.—Fort Worth 2017, no pet.). Accordingly, the Texas Supreme Court has stated: "A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam) (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam)); *Capps v. Hines*, No. 10-19-00164-CV, 2020 WL 4524717, at *3 (Tex. App.—Waco Aug. 5, 2020, no pet.) (mem. op.).

Because the trial court's order in this proceeding does not dispose of the merits of the underlying controversy between Baade and Hudiburgh, the order is therefore interlocutory in nature and not a final judgment. *See Kiefer*, 197 S.W.3d at 302; *Capps*, 2020 WL 4524717, at *3; *Alaimo*, 551 S.W.3d at 217. We thus lack jurisdiction of this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *CMH Homes*, 340 S.W.3d at 447.

By letter dated June 18, 2024, the Clerk of this Court notified Baade that this appeal was subject to dismissal for want of jurisdiction because it appeared that there

was no final judgment. The Clerk of this Court notified Baade that the Court may dismiss the appeal unless, within fourteen days of the date of the letter, a response was filed showing grounds for continuing the appeal. Baade filed a response, but she has not shown grounds for continuing the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


MATT JOHNSON
Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Rose[1]
Dismissed
Opinion delivered and filed August 1, 2024
[CV06]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.