

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00279-CV

---

### In re Myra Eugenia Kelley-Mota, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

On October 27, 2025, Relator, Myra Eugenia Kelley-Mota, filed a petition for writ of mandamus, seeking relief from the trial court's order allegedly dismissing her bill of review.[1] We deny the petition.

---

[1] Kelley-Mota failed to provide a certified or sworn copy of the trial court's order or of her bill of review as required by the rules of appellate procedure. *See* Tex. R. App. P. 52.3(k)(1)(B), 52.7(a)(1). "Although these deficiencies alone constitute sufficient reason to deny mandamus relief, in the interest of judicial economy we address the petition." *See In re Nixon*, No. 05-16-00762-CV, 2016 WL 3947095, at *1 (Tex. App.—Dallas July 19, 2016, orig. proceeding) (mem. op.).

To obtain the extraordinary remedy of mandamus relief, the relator bears the burden to establish that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *See In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). But the denial or dismissal of a bill of review is an appealable order. *See Roberts v. Roberts*, 646 S.W.3d 56, 59 (Tex. App.—San Antonio 2022, pet. denied) ("an order denying a bill of review is a final, appealable order"); *Alaimo v. U.S. Bank Trust Nat'l Ass'n*, 551 S.W.3d 212, 215 (Tex. App.—Fort Worth 2017, no pet.) ("If the bill of review is denied, the matter is determined in one step—the order denying the bill of review, whether by dismissal, summary judgment, or conventional judgment, becomes a final order from which an appeal may be taken."). Kelley-Mota therefore has an adequate remedy by way of appeal. *See Lemieux v. Harley*, No. 02-24-00009-CV, 2024 WL 3282209, at *7 (Tex. App.—Fort Worth July 3, 2024, no pet.) (mem. op.) (denying writ of mandamus pertaining to trial court order effectively denying bill of review because relator had "adequate appellate remedies").

Accordingly, we deny Kelley-Mota's petition for writ of mandamus. We dismiss any pending motions as moot.

LISA J. SOTO, Justice

October 29, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

2